# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CANDELARIO,<br><br>          Plaintiff,<br><br>     v.<br><br>M. RAMIREZ,<br><br>          Defendant.<br>_____/ | CASE NO. 1:09-cv-00364 OWW DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 9)<br><br>FIFTEEN DAY DEADLINE |

   Plaintiff Antonio Candelario ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 22, 2009, the Court dismissed plaintiff's complaint for failure to state any claims upon which relief may be granted and ordered plaintiff to file an amended complaint within thirty days from the date of service of the order.  More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

   Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
6   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7   failure to lack of prosecution and failure to comply with local rules).

8         In determining whether to dismiss an action for lack of prosecution, failure to obey a court
9   order, or failure to comply with local rules, the court must consider several factors: (1) the public's
10  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
11  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
12  (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
13  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14        In the instant case, the court finds that the public's interest in expeditiously resolving this
15  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
16  been pending since March 3, 2009.  The third factor, risk of prejudice to defendants, also weighs
17  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
18  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
19  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
20  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
21  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
22  requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
23  at 1424. The court's order requiring plaintiff to file an amended complaint expressly stated: "If
24  Plaintiff fails to file an amended complaint, the Court may dismiss this action, with prejudice, for
25  failure to state a claim and/or failure to obey a court order." Thus, plaintiff had adequate warning
26  that dismissal would result from his noncompliance with the court's order.

27        Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,
28  for failure to obey a court order and failure to state a claim upon which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 20, 2009**            /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE